FILED'11 AUG 2  11:55USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RODNEY S. ORR,

                              Civil No. 10-340-PA

       Petitioner,

    v.

MARK NOOTH,

                             OPINION AND ORDER

       Respondent.

Rodney S. Orr, #7850955
777 Stanton Blvd.
Ontario, Oregon 97914

       Petitioner, *Pro Se*

John R. Kroger, Attorney General
Andrew W. Hallman, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a variety of underlying state court convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On May 22, 2000, petitioner was indicted by the Marion County Grand Jury for Attempted Murder with a Firearm, Unlawful Use of a Weapon With a Firearm, Assault in the Fourth Degree, two counts of Assault in the Second Degree, Felony Assault in the Fourth Degree, Kidnapping in the First Degree, and Coercion. Respondent's Exhibit 102. On January 19, 2001, the Marion County Grand Jury also indicted petitioner on one count of Attempted Assault in the Second Degree. *Id.* All of these charges stemmed from incidents of domestic violence involving petitioner's wife.

Petitioner proceeded to a jury trial where the jury convicted him on all counts, and the trial court sentenced him to 260 months in prison. Respondent's Exhibit 127; Respondent's Exhibit 101. The Oregon Court of Appeals affirmed the trial court's decision in a written opinion, and the Oregon Supreme Court denied review. *State v. Orr*, 197 Or. App. 327, 105 P.3d 904, *rev. denied* 338 Or. 680, 115 P.3d 245 (2005).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of

2 - OPINION AND ORDER

his claims. Respondent's Exhibit 190. The Oregon Court of Appeals affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court denied review. *Orr v. Hill*, 231 Or. App. 569, 219 P.3d 618 (2009), *rev. denied* 347 Or. 608, 226 P.3d 43 (2010).

Petitioner filed his federal Petition for Writ of Habeas Corpus on March 26, 2010 raising 33 grounds for relief containing numerous sub-claims. Respondent asks the court to deny relief on the Petition because most of petitioner's claims are procedurally defaulted, and the ineffective assistance of counsel claims which petitioner did fairly present to Oregon's state courts lack merit.

### DISCUSSION

I.    **Exhaustion and Procedural Default**

    A.    **Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed

3 - OPINION AND ORDER

to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.    Analysis**

Petitioner raises 23 grounds for relief in his Petition which should have been brought during his direct appeal. *See Palmer v. State*, 318 Or. 352, 360, 867 P.2d 1368 (1994). A review of the record in this case reveals that petitioner pursued only one federal claim during direct review: whether the trial court erred when it allowed evidence of a prior unrelated crime to be introduced during the trial. Respondent's Exhibit 103, p. 11-20.

4 - OPINION AND ORDER

Petitioner also presented this claim to the Oregon Supreme Court as a federal claim.[1]  Respondent's Exhibit 107, p. 3.  Petitioner does not, however, raise this as a ground for relief in his Petition for Writ of Habeas Corpus, claiming he forgot to include it in his pleading.  Memo in Support, (#36), p. 37.  Because the claim is not contained within the Petition, it is not properly before the court. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

Based on the foregoing, the court concludes that petitioner failed to fairly present Grounds 1, 2, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 25, 27, 28, 30, and 32.  Because the time for presenting these claims to Oregon's state courts passed long ago, they are now procedurally defaulted.

Petitioner raises ten grounds for relief alleging numerous sub-claims of ineffective assistance of counsel.  A review of petitioner's PCR record shows that petitioner did, in fact, fairly

---

[1]  The Petition for Review also raised a Sixth Amendment claim pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004). However, because petitioner had not raised such a claim in his PCR Petition or his Appellant's Brief, it was unpreserved for review by the Oregon Supreme Court.  ORAP 9.20(2)(questions before the Oregon Supreme Court include only questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court).

5 - OPINION AND ORDER

present several federal ineffective assistance of counsel claims to Oregon's state courts. In his counseled Appellant's Brief filed in the Oregon Court of Appeals, petitioner raised two claims:[2]

> 1. Trial counsel was ineffective for failing to move for judgment of acquittal on the charge of Kidnapping in the First Degree; and
>
> 2. Trial counsel was ineffective for failing to challenge the non-unanimous jury verdict as it violates the Sixth Amendment.

Respondent's Exhibit 191.

Petitioner also filed a *Pro Se* Supplemental Appellant's Brief in which he raised three additional claims of ineffective assistance of counsel:

> 1. Trial counsel failed to object to warrantless entry and search of petitioner's residence and questioning of petitioner without advising him of his rights before a warrantless arrest was made;
>
> 2. Trial counsel failed to object to the petitioner's untimely arraignment; and
>
> 3. Trial counsel failed to move for a judgment of acquittal on the jury's verdicts on all counts where reasonable doubt existed.

Respondent's Exhibit 194.

Petitioner raised all five of these claims in his Petition for Review to the Oregon Supreme Court. Respondent's Exhibit 196.

---

[2] Petitioner actually raised additional claims, but later moved to withdraw them. Respondent's Exhibit 192.

Accordingly, he fairly presented Grounds 23(MM), 23(G), 23(HH), 23(H), (I), and (J), and 23(BBB) of his Petition for Writ of Habeas Corpus. He did not, however, fairly present any of the remainder of his claims of ineffective assistance of counsel to Oregon's state courts.

## C.    **Excuses to Procedural Default**

In his supporting memorandum, petitioner appears to claim that errors by counsel and the courts constitute cause and prejudice to excuse his default, but he does not describe how any such errors actually prevented him from raising his federal claims either on direct appeal or during his PCR proceedings. As such, he fails to demonstrate cause and prejudice to excuse his default. *See Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (requiring petitioner to show that some cause external to the defense prevented him from presenting his claims to the applicable state courts).

Petitioner also claims that he is actually innocent because there was reasonable doubt as to his guilt. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court concluded that a habeas petitioner could overcome a procedural default by showing that he was actually innocent such that no reasonable juror would have voted to convict him. *Id* at 327. But in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy

7 - OPINION AND ORDER

eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). As petitioner presents no new evidence of his innocence, he is unable to excuse his default.

## II.  **The Merits**

### A.   **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

8 - OPINION AND ORDER

Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Because the PCR trial court provided rationale only to support the denial of petitioner's Ground 23(MM), the court conducts an independent review of the record with respect to the remainder of his claims.

## B.   **Analysis**

Because no Supreme Court precedent is directly on point that corresponds to the facts of any of petitioner's claims in this case, the court uses the general two-part test the Supreme Court

9 - OPINION AND ORDER

has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

### 1.   Ground 23(MM): Judgment of Acquittal

In his only properly preserved portion of this sub-claim, petitioner asserts that his trial attorney failed to adequately challenge his conviction for Kidnapping in the First Degree based

10 - OPINION AND ORDER

on the lack of evidence showing that he intended to interfere substantially with the victim's liberty. As the PCR trial court determined, this claim was based on a new case decided after petitioner's trial and appeal, *State v. Wolleat*, 338 Or. 469, 111 P.3d 1131 (2005). Respondent's Exhibit 190. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690); *see also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (lawyers not required to anticipate decisions, and conduct must be evaluated at the time of that conduct). Because counsel is not presumed to anticipate changes in the law, the PCR trial court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

        2.   Grounds 23(G): Pretrial Detention

According to petitioner, trial counsel was ineffective for failing to challenge his allegedly unlawful detention which, he claims, consisted of more than 36 hours without an arraignment and without any determination of probable cause. Petitioner was originally charged by Information on Friday, May 12, 2000, and he was arraigned on Monday, May 15, 2000 at 8:30 a.m. Respondent's Exhibit 112. This was well within the parameters of ORS 135.010, which provides that a criminal defendant must be arraigned within 36 hours after being formally accused, exclusive of weekends. As

11 - OPINION AND ORDER

such, counsel had no basis upon which to challenge petitioner's detention, and thus cannot be faulted for not doing so. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *rev. denied*, 513 U.S. 1001 (1994) (an attorney is not required to file a motion he knows to be meritless). Accordingly, upon an independent review of the record, the PCR trial court's decision on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

### 3.   Ground 23(HH): Judgment of Acquittal

Petitioner also alleges that his trial attorney was constitutionally deficient when he failed to move for a judgment of acquittal "at the close of the State's evidence or thereafter." Petition (#1), p. 27. Petitioner does not specify exactly what charges counsel should have moved against, nor does he identify a specific basis upon which counsel should have moved. In his Supplemental PCR Appellant's Brief, he claimed that counsel should have moved for a judgment of acquittal as to all counts against him because reasonable doubt existed as to his guilt. On a motion for judgment of acquittal in a criminal case in Oregon, the question is whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Mejia*, 348 Or. 1, 6, 227 P.3d 1139 (2010). At trial, petitioner raised an intoxication defense with which the jury did not agree. The prosecution presented the jury with sufficient evidence that

12 - OPINION AND ORDER

petitioner did, in fact, commit the various crimes with which he
was charged, thus there was no basis upon which counsel should have
moved for a judgment of acquittal. Accordingly, upon an
independent review of the record, the PCR trial court's decision
denying relief on this claim is neither contrary to, nor an
unreasonable application of, clearly established federal law.

4.    Grounds 23(H), (I), and (J): Motion to Suppress

Petitioner next faults trial counsel for not adequately
challenging the warrantless search of his residence, seizure of his
property, arrest, and the statements he made to police officers.
As an initial matter, the warrantless search of petitioner's
residence was valid because the authorities had the voluntary
consent of petitioner's wife, a co-occupant of the home. *Illinois
v. Rodriguez*, 497 U.S. 177 (1990); *State v. Beyland*, 158 Or. App.
410, 417 (1999).

With respect to petitioner's allegations that counsel should
have challenged the admissibility of statements the police had
unlawfully obtained from him, petitioner did not identify those
statements with specificity. During his PCR deposition, the
State's attorney asked him what specific statements counsel should
have moved to suppress, but petitioner indicated that he couldn't
remember any. Respondent's Exhibit 186, p. 25. Where petitioner
did not present the substance of this claim to the PCR trial court,

13 - OPINION AND ORDER

it's decision to deny relief cannot be said to be objectively unreasonable.

> 5.    Ground 23(BB): Less-Than-Unanimous Verdicts

Finally, petitioner argues that trial counsel was ineffective for failing to object to the less-than-unanimous jury verdicts on four of his convictions. The U.S. Supreme Court directly addressed Oregon's less-than-unanimous jury decisions in *Apodaca v. Oregon*, 406 U.S. 404 (1972), holding that a criminal conviction by a less-than-unanimous jury does not violate the Sixth Amendment. As a result, counsel had no basis upon which to object to these verdicts. As a result, upon an independent review of the record, the PCR trial court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **23** day of August, 2011.

Owen M. Panner
United States District Judge

14 - OPINION AND ORDER